Floyd Hills Nelson
FULL NAME

COMMITTED NAME (if different)

441 Bauchet St. 2500 B-18
FULL ADDRESS INCLUDING NAME OF INSTITUTION

Los Angeles, CA 90012
1544050
PRISON NUMBER (if applicable)

FILED

2011 SEP 14  AM 10: 23

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Floyd Hills Nelson and Alonzo Harris

PLAINTIFF,

v.

City of Los Angeles, etal.,

DEFENDANT(S).

CASE NUMBER

CV11   05407 PSG (AN)

To be supplied by the Clerk

## CIVIL RIGHTS COMPLAINT
PURSUANT TO *(Check one)*

☒ 42 U.S.C. § 1983
☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

**A.  PREVIOUS LAWSUITS**

550

1.  Have you brought any other lawsuits in a federal court while a prisoner: ☒ Yes    ☐ No

2.  If your answer to "1." is yes, how many? _____3_____

Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

a. Floyd H. Nelson v. Stanifer (SD Cal 2007) 2007 US Dist Lexis 4843
   Due Process Hearing (CDC 115)

b. Floyd H. Nelson v. Woodford (ND Cal 2006) 2006 US Dist Lexis 11120
   First Amendment - Censorship

c. Floyd H. Nelson v. Guirbino (SD Cal 2005) 395 F. Supp 2d 996
   First Amendment - Censorship

LODGED
2011 JUN 29 PM 1:52
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY

RECEIVED
CLERK, U.S. DISTRICT COURT

JUN - 8 2011

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

a. Parties to this previous lawsuit:
Plaintiff _____ N/A _____

Defendants _____
_____

b. Court _____ N/A _____
_____

c. Docket or case number _____ N/A _____

d. Name of judge to whom case was assigned _____ N/A _____

e. Disposition (For example: Was the case dismissed?  If so, what was the basis for dismissal?  Was it
appealed?  Is it still pending?) _____ N/A _____

f. Issues raised: _____ N/A _____
_____
_____

g. Approximate date of filing lawsuit: _____ N/A _____

h. Approximate date of disposition _____ N/A _____

## B.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint
occurred? ☒ Yes    ☐ No

2. Have you filed a grievance concerning the facts relating to your current complaint? ☒ Yes    ☐ No

If your answer is no, explain why not _____
_____
_____

3. Is the grievance procedure completed? ☒ Yes    ☐ No

If your answer is no, explain why not _____
_____

4. Please attach copies of papers related to the grievance procedure.

## C.  JURISDICTION

This complaint alleges that the civil rights of plaintiff Floyd Hills Nelson and Alonzo Harris
(print plaintiff's name)
who presently resides at 441 Bauchet St. Los Angeles, CA 90012 (Men's Central Jail),
(mailing address or place of confinement)
were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at
City and County of Los Angeles
(institution/city where violation occurred)
Los Angeles County Men's Central Jail

CIVIL RIGHTS COMPLAINT

CV-66 (7/97)

on (date or dates) _7/11/2008_ , _10/1/2010_ , _____ .
                (Claim I)            (Claim II)            (Claim III)

**NOTE:** You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1. Defendant _City of Los Angeles_ _____ resides or works at
          (full name of first defendant)
          _Los Angeles City Hall 200 N. Spring St. Los Angeles, CA 90012_
          (full address of first defendant)
          _City Council_
          (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual ☒ official capacity.

Explain how this defendant was acting under color of law:
_Failure To Train Officers Implement Sufficient Policies and Supervise Staff To Prevent Violations of Constitutional Rights_

2. Defendant _County of Los Angeles_ _____ resides or works at
          (full name of first defendant)
          _500 W. Temple St. Los Angeles CA 90012_
          (full address of first defendant)
          _Board of Supervisors_
          (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual ☒ official capacity.

Explain how this defendant was acting under color of law:
_Failure To Train Officers, Implement Sufficient Policies and Supervise Staff To Prevent Violations of Constitutional Rights_

3. Defendant _Charles Beck_ _____ resides or works at
          (full name of first defendant)
          _100 N. Los Angeles St. Los Angeles, CA 90012_
          (full address of first defendant)
          _Chief of Police Los Angeles Police Department (LAPD)_
          (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual ☐ official capacity.

Explain how this defendant was acting under color of law:
_Failure To Train Officers, Implement Sufficient Policies and Supervise Staff To Prevent Violations of Constitutional Rights_

4. Defendant LEROY D. BACA _____ resides or works at
(full name/of first defendant)
4700 Ramona Blvd, Monterey Park, CA 91754-2169
(full address of first defendant)
Sheriff Los Angeles Sheriff's Department (LASD)
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual    ☐ official capacity.

Explain how this defendant was acting under color of law:
Failure To Train Officers, Implement Sufficient Policies and Supervise Staff To Prevent Violations of Constitutional Rights

5. Defendant STEVE COOLEY _____ resides or works at
(full name of first defendant)
201 N. Figueroa St, 12th Floor, Los Angeles, CA 90012
(full address of first defendant)
District Attorney (DA), Los Angeles County
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual    ☐ official capacity.

Explain how this defendant was acting under color of law:
Failure To Train Officers, Implement Sufficient Policies and Supervise Staff To Prevent Violations of Constitutional Rights; Conspiracy to Violate Rights

6. Defendant William J. Bratton
100 N. Los Angeles St, Los Angeles, CA 90012
Chief of Police (Former) LAPD
☒ individual    ☐ official capacity
Failure To Train Officers, Implement Sufficient Policies and Supervise Staff To Prevent Violations of Constitutional Rights

7. Defendant Frank M. Tavelman
780 Hall of Records, 320 w. Temple St., Los Angeles, CA 90012
Deputy District Attorney (DDA) Crimes Against Police Officers Section (COPS)
☒ individual    ☐ official capacity
Selective and Discriminatory Prosecution; Civil Conspiracy under 42USC§1985(3); Conspiracy to Violate Rights; False Arrest and False Imprisonment; Malicious Prosecution

---

CV-66 (7/97)                        **CIVIL RIGHTS COMPLAINT**                        Page ~~4 of 23~~


12. Defendant Carlos Valez Badge No. 22350

100 N. Los Angeles St., Los Angeles, CA 90012.

Robbery Homicide Division (RHD) Robbery Special Section (RSS) LAPD

Lieutenant (LT.) Supervisor

☒ individual          ☐ official capacity

Failure To Train, Supervise and Control Subordinates; Conspiracy to Obstruct Justice; Conspiracy To Violate Plaintiffs' Liberty Rights.

13. Defendant Tracey Benjamin Badge No. 26960

100 N. Los Angeles St., Los Angeles, CA 90012.

RHD / RSS LAPD Detective (DET.) III

☒ individual          ☐ official capacity

Selective and Discriminatory Prosecution; Conspiracy to Obstruct Justice; Conspiracy To Violate Plaintiffs' Liberty Rights.

14. Defendant Jayson DelaCova Badge No.

100 N. Los Angeles St., Los Angeles, CA 90012.

RHD / RSS LAPD DET. II

☒ individual          ☐ official capacity

Selective and Discriminatory Prosecution; Conspiracy To Obstruct Justice; Conspiracy To Violate Plaintiffs' Liberty Rights.

15. Defendant V. Conrado Badge No. 26755

100 N. Los Angeles St., Los Angeles, CA 90012.

RHD / RSS LAPD DET.II

☒ individual          ☐ official capacity

Selective and Discriminatory Prosecution; Conspiracy to Obstruct Justice; Conspiracy to Violate Plaintiffs' Liberty Rights.

16. Defendant John / Jane Doe no. 1
    100 N. Los Angeles St., Los Angeles, CA 90012
    RHD / RSS LAPD Det.
    ☒ individual          ☐ official capacity
Selective and Discriminatory Prosecution; Conspiracy To Obstruct Justice;
Conspiracy To Violate Plaintiff's Liberty Interest

17. Defendant Adam Bercovici Badge no. 23826
    100 N. Los Angeles St., Los Angeles, CA 90012
    Officer in Charge (OIC) Special Investigations Section (SIS) LAPD
    Lt. II
    ☒ individual          ☐ official capacity
False Arrest and False Imprisonment; Failure To Prevent; Failure to Train, Supervis
and control subordinates; Conspiracy to violate Constitutional Rights

18. Defendant Anthony Avila Badge no. 23822
    100 N. Los Angeles St., Los Angeles, CA 90012
    Case Manager SIS LAPD Det. III
    ☒ individual          ☐ official capacity
False Arrest and False Imprisonment; Failure To Prevent; Failure to Train, Supervis
and control subordinates; Conspiracy to violate Constitutional Rights

19. Defendant Joe Calhan Badge no. 22411
    100 N. Los Angeles St., Los Angeles, CA 90012
    SIS LAPD Det. III
    ☒ individual          ☐ official capacity
False Arrest and False Imprisonment; Failure To Prevent; Failure to Train, Supervis
and Control subordinates; Conspiracy To Violate Constitutional Rights

20. Defendant Robert Kraus Badge no. 22469

       100 N. Los Angeles St., Los Angeles, CA 90012

       SIS LAPD Det. II

       ☒ individual        ☐ official capacity

Conspiracy to Deliberately Create a Dangerous Situation; False Arrest and False Imprisonment; Perjury; Conspiracy to Violate Constitutional Rights

21. Defendant Gustavo Ramirez Badge no. 31075

       100 N. Los Angeles St., Los Angeles, CA 90012.

       SIS LAPD Det. II

       ☒ individual        ☐ official capacity

False Arrest; Excessive Use of Force; Perjury; Selective and Discriminatory Prosecution; Conspiracy to Violate Constitutional Rights

22. Defendant Jeffrey Nolte Badge no. 26403

       100 N. Los Angeles St., Los Angeles, CA 90012

       SIS LAPD Det. II

       ☒ individual        ☐ official capacity

False Arrest; Excessive Use of Force; Perjury; Selective and Discriminatory Prosecution; Conspiracy to Violate Constitutional Rights

23. Defendant Diana Herron Badge no. 32845

       100 N. Los Angeles St., Los Angeles, CA 90012

       SIS LAPD Det. II

       ☒ individual        ☐ official capacity

False Arrest; Excessive Use of Force; Failure to Prevent; Selective and Discriminatory Prosecution; Conspiracy to Violate Constitutional Rights

24. Defendant David Friedrich  Badge No. 30946
       100 N. Los Angeles St., Los Angeles, CA 90012.
       SIS LAPD DET. II
              ☒ individual              ☐ official capacity
False Arrest; Excessive Use of Force; Perjury; Failure to Prevent; Selective
and Discriminatory Prosecution; Conspiracy to Violate Constitutional Rights

25. Defendant Donald Walthers  Badge No. 27463
       100 N. Los Angeles St., Los Angeles, CA 90012
       SIS LAPD DET. II
              ☒ individual              ☐ official capacity
False Arrest; Perjury; Selective and Discriminatory Prosecution;
Conspiracy to Violate Constitutional Rights; Failure to Prevent.

26. Defendant Robert Binder  Badge No. 30080
       100 N. Los Angeles St., Los Angeles, CA 90012
       SIS LAPD DET. II
              ☒ individual              ☐ official capacity
False Arrest; Perjury; Selective and Discriminatory Prosecution; Failure
to Prevent; Conspiracy to Violate Constitutional Rights.

27. Defendant Stuart Lomax  Badge No. 32674
       100 N. Los Angeles St., Los Angeles, CA 90012.
       Tactical Flight Officer LAPD Special Flights
              ☒ individual              ☐ official capacity
Perjury; Conspiracy to Violate Constitutional Rights; Failure to Prevent

28. DEFENDANT John Izzo Badge no. 32674
        100 n. Los Angeles St., Los Angeles, CA 90012
        Tactical Flight Officer LAPD Special Flights
            ☒ individual                    ☐ official capacity
    PERJURY; Conspiracy to Violate Constitutional Rights; Failure to PREVENT

29. DEFENDANT Charles Bennett Badge No. 22026
        100 n. Los Angeles St., Los Angeles, CA 90012
        SIS LAPD DET. III
            ☒ individual                    ☐ official capacity
    False ARREST; Excessive Use of Force; Failure to PREVENT; Selective and Discriminatory
    Prosecution; Conspiracy to Violate Constitutional Rights

30. DEFENDANT Larry Chamberlain Badge No. 22350
        100 n. Los Angeles St., Los Angeles, CA 90012
        Tactical Flight Officer LAPD Special Flights
            ☒ individual                    ☐ official capacity
    PERJURY; Conspiracy to Violate Constitutional Rights; Failure To PREVENT

31. DEFENDANT Richard Utley Badge No. 31646
        100 n. Los Angeles St., Los Angeles, CA 90012
        Force Investigations Division (FID) LAPD DET. II
            ☒ individual                    ☐ official capacity
    False ARREST; Conspiracy to Violate Constitutional Rights

32. DEFENDANT Wayne Blandin Badge No. 23748
        100 n. Los Angeles St., Los Angeles, CA 90012
        FID LAPD DET. II
            ☒ individual                    ☐ official capacity
    False ARREST; Conspiracy to Violate Constitutional Rights

33. DEFENdant Hugo Barza  Badge No. 25390
            100 N. Los Angeles St., Los Angeles, CA 90012
            FID  LAPD  DET. II
                ☒ individual                 ☐ official capacity
    False Arrest; Conspiracy to violate Constitutional Rights
34. DEFENdant Danial CRUZ
            4700 Ramona Blvd., Monterey Park, CA 91754-2169
            MEN's CEntral Jail (MCJ)  LASD  Captain
                ☒ individual                 ☐ official capacity
    FailURE to Train OfficERS, Implement Sufficient Policies and SupERvise Staff
    To PREVEnt Violations of Constitutional Rights
35. DEFENdant LavEy
            441 Bauchet St., Los Angeles, CA 90012
            MCJ  LASD  SERgeant  Legal Department
                ☒ individual                 ☐ official capacity
    FailURE to Train OfficERS, Implement Sufficient Policies and Supervise Staff
    To PREVEnt Violations of Constitutional Rights
36. DEFENdant Ibarra
            441 Bauchet St., Los Angeles, CA 90012
            MCJ  LASD  DEputy  Module 2500
                ☒                             ☐ official capacity
    Obstructing Access to Court and Legal Resources/Services; Willful Violation
    of Rutherford injunction

37. DEFEndant John / JanE DoE No. 2

           100 N. Los AngelEs St., Los Angeles, CA 90012.

           SIS  LAPD  DET.

          ☒ individual           □ official capacity

FalsE ARRest; ExcEssivE UsE of ForcE; FailurE to PrEvent; SElEctivE and Discriminato
ProsEcution; Conspiracy To ViolatE Constitutional Rights

38. DEFEndant John / JanE DoE no. 4

           441 BauchEt St., Los Angeles, CA 90012.

           MCJ LASD MailRoom

          ☒ individual           □ official capacity

CEnsoring / REjEcting authorizEd Mail without a lEgitimatE pEnological
JustiFication

39. DEFEndant John DoE no.5

           441 BauchEt St., Los AngelEs, CA 90012

           MCJ LASD ModulE 2500

          ☒ individual           □ official capacity

Obstructing AccEss To Court and LEgal REsourcEs / SErvicEs; Willful Violation
of RuthErford injunction

40. DEFEndant

          □ individual           □ official capacity

The Following Civil Rights Have Been Violated

Cause of Action

1. First Cause of Action:

Civil Conspiracy 42 USC § 1983, § 1985(3); Conspiracy California Penal Code § 182 (2); Conspiracy To Obstruct Justice

2. Second Cause of Action:

Selective and Discriminatory Prosecution; Malicious Prosecution; all in violation of the Fourteenth Amendment of the United States Constitution and article 1, section 7, subdivision (a) of the California Constitution; Murgia v. Municiple Court (1975) 15 Cal 3d 286; Yick Wo v. Hopkins (1886) 118 US 356; United States v. Anderson (1996) 517 US 456; Awalady v. City of Adelanto (9th Cir. 2004) 368 F3d 1062

3. Third Cause of Action:

False Arrest and False Imprisonment in violation of the Fourth and Fourteenth Amendments of the United States Constitution; Wallace v. Kato (2007) 549 US 384; Article 1, section 7, subdivision (a) of the California Constitution.

4. Fourth Cause of Action:

Excessive Use of Force and Great Bodily Injury in violation of the Fourth, Eigth and Fourteenth Amendments of the United States Constitution and article 1 section 17 of the California Constitution; Graham v. Connor (1989) 490 US 386 Gomez v. Gates (CD Cal. 1992) 804 F. Supp 64; Tennessee v. Garner (1985) 471 US 1.

5. Fifth Cause of Action:

Failure To Prevent in violation of United States v. Koon (9th Cir. 1994) 34 F3d 1416,
1417 n.25; Cerrato v. San Francisco Community Coll. Dist (9th Cir 1994) 26 F3d 968 971 (n.

6. Sixth Cause of Action:

Deliberately Creating a Dangerous Situation (Danger Creation Theory) in
violation of Smithart v. Towery (9th Cir. 2006) 79 F3d 951; Billington v.
Smith (9th Cir 2002) 292 F3d 1177; Alexander v. City of San Francisco (9th
Cir. 1994) 29 F3d 1355; Cunningham v. Gates (9th Cir. 2002) 312 F3d 1148

7. Seventh Cause of Action:

Failure to Train, Supervise and Control Subordinates in violation of Collins v.
Jordan (9th Cir. 1997) 110 F3d 1363; Cunningham v. Gates (CDCal. 1997) 989 FSup
1262; Larez v. City of Los Angeles (9th Cir 1991) 946 F2d 630

8. Eigth Cause of Action:

Denial and/or Obstruction of Access To the Courts in violation of the First,
Sixth and Fourteenth Amendments of the United States Constitution and
article 1, section(s) 15 and 16 of the California Constitution: Lewis v. Casey
(1996) 518 US 343; Bounds v. Smith (1977) 430 US 817; Wolff v. McDonnell
(1974) 418 US 538; Johnson v. Avery (1969) 393 US 483

9. Ninth Cause of Action:

Denial of Rights To Pretrial Detainees in violation of the Fourteenth Amendment
of the United States Constitution and article 1, section 7, subdivision (a),
section 17 of the California Constitution; Bell v. Wolfish (1979) 441 US 520;
Block v. Rutherford (1984) 468 US 576; Turner v. Safley (1987) 482 US 78

( 14 of 23 )

10. Tenth Cause of Action:

Denial of Rights under Proposition 8 in violation of article 1, section 28,
subdivision(s) (a), (d) of the California Constitution; In Re Lance W. (1985)
37 Cal 3d 873

## Brief Synopsis of Claims

I

During a extensive LAPD RHD investigation of a series of armed robberies of closed commercial businesses defendants began to suspect plaintiffs as the perpetrators of said crimes at which time they became the focus of the investigation which, over several months, resulted in insufficient evidence for prosecution.

Through the frustrated efforts of RHD defendants, a meeting of the minds was reached between RHD and senior SIS defendants that, because of the plaintiffs' race (non-white minority), SIS would take over the investigation and surveillance in order to utilize their well established course of unlawful conduct terminating in the assassination of plaintiffs.

SIS began an exhaustive undercover surveillance operation where, over several months they allegedly observed plaintiffs travel throughout Los Angeles County casing and preparing to rob over 50 commercial businesses. After several months of inactivity SIS initiated a crime that resulted in a unprovoked officer involved shooting (OIS) where one of the plaintiffs was shot while unarmed and with his hands raised in the standard position of surrender.

While at the scene of the OIS, deputies from the COPS section of the DA's office arrived and a meeting of the minds was reached between them and the on-scene SIS that the unproved OIS would be covered up and deemed justified in order to subject the plaintiffs' to a legal lynching.

II

During the course of the criminal prosecution plaintiffs elected to exercise their sixth Amendment right to proceed in propria persona. Each step of their confinement at MCJ has been used by LASD defendants to obstruct or interfere with plaintiffs' access to the court and deny them of rights they are entitled to as pretrial detainees

( 16 of 23 )

**D. CLAIMS***

### CLAIM I

The following civil right has been violated:

a. Failure to Train officers, implement policies, supervise staff
b. Conspiracy to violate Rights
c. selective and Discriminatory Prosecution
d. Malicious Prosecution
e. False Arrest and False Imprisonment
f. Civil Conspiracy under 42 USC §§ 1983, 1985(3)
g. Conspiracy to create a Dangerous situation
h. Failure to Prevent
i. Perjury
j. Obstruction of Justice
l.

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

1. Starting prior to 3/28/2008 Defendants Tracey Benjamin #26940 and V. Conrado #26750 of LAPD RHD began an extensive undercover investigation of two black suspects believed to be involved in a series of armed Robberies of commercial businesses.

2. At the time, the initial evidence used to connect the suspects to any of the crimes was their alleged connection to Glenn Baldware, an alleged Robbery suspect killed by LAPD undercover officers on 1/4/2008, and cellular phone triangulation records which served as the nexus and impetus of the extensive surveillance of the suspects.

3. Despite learning the identities of both suspects early in the investigation and that one of the plaintiffs (Floyd Nelson) was on active state parole and subject to search conditions at any time, Defendants Tracey Benjamin #26940, V. Conrado #26750, Jayson DelaCova #_____, and Carlos Valez #22350 were unable to acquire sufficient evidence to convince the District Attorney's office to file criminal charges against the suspects.

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.

(continued on page 18)

STATEMENT OF FACTS FOR Each CAUSE OF ACTION

Claim I (continued)

4. At the time Defendants Tracey Benyamin #26940, V. Conrado #26750, Jayson DelaCova #
and Carlos Valez #22350 allegedly had eyewitness identification evidence and cellular phone
triangulation records that directly connected one of the plaintiffs (Alonzo Harris) to
approximately (9) of the (15) armed robberies under investigation.

5. Once the District Attorney's office declined to file charges against the suspects, Defendant
Tracey Benyamin #26940, V. Conrado #26750, Jayson DelaCova #            , Carlos
Valez #22350, and John Doe No. 1 consulted senior SIS defendants Adam
Birconvci #23826, Anthony Avila #23822, Joe Callian #22411, Robert Kraus
#22469, Charles Bennett #22026 and David Friedrich #30946, and came to a
meeting of the minds that because of the race of the suspects (non-white minority
SIS would take over the investigation and surveillance in order to utilize their
well established course of unlawful conduct which is designed to terminate in
a officer involved shooting (OIS) resulting in the assasination of plaintiffs.

6. Over the course of the next few months SIS defendants Joe Callian #22411, Anthony
Avila #23822, Jeffrey Notte #26403 and John Doe No. 2 attached a Global
Positioning Satelite (GPS) tracking device to one of the plaintiffs (Alonzo Harris')
vehicle and began to track the suspects movements throughout Los Angeles County
as the suspects allegedly cased and made preparations to rob over (50)
commercial businesses.

7. Day and night SIS surveillance of the suspects consisted of the use of GPS tracking
devices, aerial helicopters using optical assisted viewing devices, 10 to 20 undercover
detectives using optical viewing devices (eg. night vision binoculars etal.), individual
two-way electronic communications, and an assortment of other surveillance
equipment.

8. The described "casing" of the over (50) commercial businesses allegedly consisted
of the suspects exiting their vehicle, donning camouflage clothing and masks

(18 of 23)

## Statement of Facts For Each Cause of Action

### Claim 1 (continued)

in order to disguise their identities, and stealthily approaching each business in preparation for robbery, where they would allegedly hide in the shadows of darkness in bushes et al around the businesses for hours at a time.

9. On 7/10/2008, after the use of a GPS tracking device to locate the suspects, defendants Adam Bircovici #23826, Anthony Avila #23822, Joe Callian #22411, Robert Kraus #22469, Gustavo Ramirez #31075, Jeffrey Nolte #26403, Diana Herron #32845, David Friedrich #30946, Donald Walthers #27463, Robert Binder #30080, Stuart Lomax #32674, John Izzo #32674, Charles Bennett #22026 and Larry Chamberlain #22350 began to track the movements of the suspects as they allegedly cased several commercial businesses including, but not limited to, a Kmart and Lowe's Department Store, each of which they had allegedly been observed casing by SIS defendants before arriving in the vicinity of the Lawry's Restaurant in the City of Beverly Hills.

10. In the early morning hours of 7/11/2008 at approximately 0545 hours plaintiffs were allegedly observed entering and exiting the Lawry's Restaurant by SIS defendants and Air Flight Tactical personnel after which it was reported by SIS defendants Robert Kraus #22469 and Donald Walthers #27463 that an attempted robbery had just occurred. Since neither plaintiff entered the Lawry's Restaurant they allege that SIS detectives, acting as their accomplice pursuant to Penal Code §111 committed/staged the attempted robbery themselves in order to implicate the plaintiffs in a criminal act warranting arrest.

11. Several minutes later, about a mile away from the Lawry's Restaurant, authorization was given by SIS defendants Adam Bircovici #23826, Anthony, Joe Callian #22411 and Charles Bennett #22026 to ram the suspects/plaintiffs' vehicle in order to initiate an unlawful arrest.

( 19 of 23 )

Statement of Facts For Each Cause of Action

Claim I (continued)

at which Time SIS defendants Charles Bennett #22026, Jeffrey Nolte #26403 and Gustavo Ramirez #31075 used excessive force to Ram the vehicle in which plaintiffs were travelling, and without provocation or identifying themselves as police officers. SIS defendants Jeffrey Nolte #26403, Gustavo Ramirez #31075 and Diana Herron #32845 began to fire their weapons at the plaintiffs from the Rear striking one of the plaintiffs (Floyd Nelson) several times in the left forearm while his hands were Raised in the traditional position of surrender.

12. SIS defendants Adam Bercovici #23826, Anthony Avila #23822, Joe Calhian #22411, Robert Kraus #224, David Friedrich #30946, Donald Walthers #27463, Robert Binder #30080, Stuart Lomax #32674, John Izzo #32674, Larry Chamberlain #22350 failed to prevent the Ramming and shooting defendants from using excessive force, but instead, chose to cover up the excessive use of force by conspiring with SIS defendants Charles Bennett #22026, Jeffrey Nolte #26403, Gustavo Ramirez #3107! and Diana Herron #32845 to fabricate a story to justify the unprovoked excessive use of force by erroneously alleging that both plaintiffs pointed handguns at SIS detectives.

13. Once the false arrest was made by FID defendants Richard Lilley #31616, Wayne Blandin #23748, Hugo Baeza #25390, SIS defendants Adam Bercovici #23826, Anthony Avila #23822, Joe Calhian #22411, COPS Deputy District Attorneys (DDA) Frank Tavelman, Susan Schwartz, John Doe no. 3, during the investigative stages of the arrest evidence was retrieved from plaintiffs' vehicle and planted at the Lowry's Restaurant in order to connect plaintiffs to that crime scene, in addition to coming to a meeting of the minds with each named defendants at the OIS crime scene to coordinate the fabricated version of events to be used against the plaintiffs in the criminal prosecution.

Statement of Facts For Each Cause of Action

Claim II

1. Beginning in or around the month of 10/2010 defendant John/Jane Doe no. 4 assigned to the MCJ mailroom began to reject/censor plaintiff's (Floyd Nelson) incoming mail (eg. photos, publications, internet-generated materials) without notice, penological justification or an established grievance system to challenge the censorship prior to the mail being returned to sender.

2. On or about 12/7/2010, 12/16/2010, 1/22/2011, 4/5/2011 and 4/12/2011 plaintiff (Floyd Nelson) submitted inmate grievances challenging the censorship and rejection of the above mentioned mail, none of which was responded to by MCJ mailroom person John/Jane Doe no. 4.

3. On or about 4/4/2011 LASD defendants Allen and Ramirez, each assigned to the MCJ attorney room refused to allow plaintiff's (Floyd Nelson) court appointed private investigator (PI) Reggie Stewart to pass him (after inspection for contraband) internet-generated legal material (eg. case law from Lexis-Nexus, Westlaw, LA Times news articles, LAPD press releases relating to SIS et al.) relevant to his pending criminal case which he is currently counsel of record acting in propria persona.

4. During the course of defendants Allen's and Ramirez's personal inspection of plaintiff legal documents for contraband, each defendant chose to read page by page; line by line and word for word each of the above described documents, which also included an itemized listing of legal tasks and assignments done and remaining which fall into the category of privileged information and work product since they contain defense strategy being shared between plaintiff and his court appointed

5. Once plaintiff brought this to the attention of defendants Allen and Ramirez, and informed each of them that according to well established law and LASD Pro Per rule no. 6.41(5)(6) that LASD personnel are only permitted to "inspect" and not "read" pro per inmates' legal documents in the immediate presence of the pro per inmate, and not require plaintiff to step out of the view of the legal documents as

(21 of 23)

Statement of Facts For Each Cause of Action

Claim II (continued)

they (Allen and Ramirez) inspect the documents, both defendants decided not to allow
plaintiff to receive his legal documents from his PI.

6. On or about 4/15/2011 plaintiff's (Floyd Nelson) LASD and court approved legal runner
place in the US postal mail the same legal documents censored/rejected by
defendants Allen and Ramirez on or about 4/4/2011. Defendant Macias and John/
Jane Doe no. 4 censored/rejected these legal documents and returned them to
sender without notice or explanation.

7. Both instances of censorship directly interferred with my litigation efforts in that it
denied me access to legal information needed that plaintiff is unable to acquire
elsewhere and otherwise.

8. Once the MCJ staff cycle change occurred for Module 2500, defendant Ibarra initiate
an illegal policy and practice within Module 2500 that denied plaintiff and other
Pro Per inmates access to any out of cell exercise, leaving them confined to their cells
for 22½ hours each day without cause or legitimate penological justification and
contrary to their lower custody status and the equal protection and liberty interests
provided to similarly situated inmates.

9. In addition, To further penalize plaintiff and other Pro Per inmates housed in
Module 2500, John Doe no. 5 has initiated a daily practice of making the compute
within the law library malfunction by cutting the electrical power off thus
shutting the computers down until maintenance can come and reconnect the
circuit.

10. Since the computers contain all of the legal information available in the law
library Pro Per inmates are denied the legal tools needed to effectively
litigate their criminal cases. With this "malfunction" occurring several
times weekly along with lockdowns etal. Plaintiff's (Floyd Nelson) access to the
court is being deliberately obstructed and interferred with by John Doe no. 5

(22 of 23)

E. **REQUEST FOR RELIEF**

I believe that I am entitled to the following specific relief:

1. Compensatory damages against the City of Los Angeles, District Attorney's Office, LAPD and COPS defendants in the amount of $15,000,000.00 for the violation of Constitutional Rights.

2. Punitive damages against the City of Los Angeles, District Attorney's Office, LAPD and COPS defendants in the amount of $15,000,000.00 for the violation of Constitutional Rights.

3. Declatory and Injuctive Relief Enjoining defendants from the continued violation of plaintiffs' constitutional rights.

4. Compensatory damages against the County of Los Angeles and LASD defendants in the amount of $15,000,000.00 for the violation of constitutional rights.

5. Punitive damages against the County of Los Angeles and LASD defendants in the amount of $15,000,000.00 for the violation of constitutional rights.

6. Declatory and Injuctive Relief Enjoining defendants from the continued violation of plaintiffs' constitutional rights.

May 25, 2011
(Date)

Floyd Mills Nelson
(Signature of Plaintiff)

May 25, 2011
(Date)

Alonzo Harris
(Signature of Plaintiff)



**TERRY NAFISI**
District Court Executive
and Clerk of Court

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**
312 North Spring Street, Room G-8  Los
Angeles, CA  90012
Tel: (213) 894-7984

**SOUTHERN DIVISION**
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4570

**EASTERN DIVISION**
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

Wednesday, September 14, 2011

**FLOYD HILLIS NELSON
#1544050
441 BAUCHET STREET
LOS ANGELES, CA 90012**

Dear Sir/Madam:

   A Complaint for Civil Rights was filed today on your behalf and assigned civil case number
   CV11- 5407 PSG (AN)

A ☐ Motion for Extension of Time to File Habeas Corpus Petition was filed today on your behalf and
   assigned civil case number _____

Please refer to this case number in all future communications.

Please Address all correspondence to the attention of the Courtroom Deputy for:
   ☐ District Court Judge _____
   ☒ Magistrate Judge    **Arthur Nakazato** _____
at the following address:

☐ U.S. District Court
  312 N. Spring Street
  Civil Section, Room G-8
  Los Angeles, CA  90012

☒ Ronald Reagan Federal
  Building and U.S. Courthouse
  411 West Fourth St., Suite 1053
  Santa Ana, CA  92701-4516

☐ U.S. District Court
  3470 Twelfth Street
  Room 134
  Riverside, CA 92501

The Court must be notified within fifteen (15) days of any address change.  If mail directed to your
address of record is returned undelivered by the Post Office, and if the Court and opposing counsel
are not notified in writing within fifteen (15) days thereafter of your current address, the Court ma
dismiss the case with or without prejudice for want of prosecution.

                                        Sincerely,

                                        Clerk, U.S. District Court


                                        By:  CPOWERS _____
                                             Deputy Clerk

CV-19 (04/01)          **LETTER re FILING CIVIL RIGHTS COMPLAINT**