Floyd Hills Nelson
**FULL NAME**

**COMMITTED NAME (if different)**

441 Bauchet St  1750  C-8
**FULL ADDRESS INCLUDING NAME OF INSTITUTION**

Los Angeles, CA   90012

1544050
**PRISON NUMBER (if applicable)**

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

**JAN - 5 2012**

CENTRAL DISTRICT OF CALIFORNIA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Floyd Hills Nelson and Alonzo Harris
(aka Felton Bradford),

**PLAINTIFF,**

v.

City of Los Angeles, et al.,

**DEFENDANT(S).**

**CASE NUMBER**

CV 11 - 5407 - PSG (JPR)
*To be supplied by the Clerk*

First Amended Complaint

**CIVIL RIGHTS COMPLAINT**
**PURSUANT TO** *(Check one)*

☒ 42 U.S.C. § 1983
☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

## A. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner: ☒ Yes   ☐ No

2. If your answer to "1." is yes, how many?  ___3___

   Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

   a. Floyd H. Nelson v. Stanifer (SD Cal. 2007) 2007 US Dist. Lexis 4843
      Due Process Hearing (CDC 115)

   b. Floyd H. Nelson v. Woodford (ND Cal 2006) 2006 US Dist Lexis 11120
      First Amendment - Censorship

   c. Floyd H. Nelson v. Guirbino (SD Cal 2005) 395 F. Supp 2d 996
      First Amendment - Censorship

a. Parties to this previous lawsuit:

Plaintiff _____ N/A _____

_____

Defendants _____

_____

b. Court _____ N/A _____

_____

c. Docket or case number _____ N/A _____

d. Name of judge to whom case was assigned _____ N/A _____

e. Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it

appealed? Is it still pending?) _____ N/A _____

f. Issues raised: _____ N/A _____

_____

_____

g. Approximate date of filing lawsuit: _____ N/A _____

h. Approximate date of disposition _____ N/A _____

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint occurred? ☒ Yes   ☐ No

2. Have you filed a grievance concerning the facts relating to your current complaint? ☒ Yes   ☐ No

If your answer is no, explain why not _____

_____

_____

3. Is the grievance procedure completed? ☒ Yes   ☐ No

If your answer is no, explain why not _____

_____

4. Please attach copies of papers related to the grievance procedure.

## C. JURISDICTION

This complaint alleges that the civil rights of plaintiff Floyd Hills Nelson and Alonzo Harris ____
<span>(print plaintiff's name)</span>

who presently resides at 441 Bauchet St. Mod. 1750, Los Angeles CA 90012 (Men's Central Jail)
<span>(mailing address or place of confinement)</span>

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

City and County of Los Angeles – Los Angeles County Men's Central Jail
<span>(institution/city where violation occurred)</span>

on (date or dates) 11/7/2007 - 7/11/2008, 10/1/2010 - 12/14/2011 , _____.
       (Claim I)        (Claim II)         (Claim III)

**NOTE:**  You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1. Defendant **City of Los Angeles** _____ resides or works at
     (full name of first defendant)
     City Hall : 200 N. Spring St. Los Angeles CA 90012
     (full address of first defendant)
     City Counsel
     (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual ☒ official capacity.

Explain how this defendant was acting under color of law:
Failure to Train, supervise and control subordinates ; Constitutional violation(s) directly resulted from policy, custom or practice of LAPD ; Final policy maker

2. Defendant **Antonio Villaraigosa** _____ resides or works at
     (full name of first defendant)
     City Hall : 200 N. Spring St, Rm 303, Los Angeles, CA 90012
     (full address of first defendant)
     Mayor of the City of Los Angeles
     (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual ☒ official capacity.

Explain how this defendant was acting under color of law:
Failure to Train, supervise and control subordinates ; Constitutional violation(s) directly resulted from policy, custom or practice of LAPD ; Final policy maker

3. Defendant **John Mack** _____ resides or works at
     (full name of first defendant)
     201 N. Figueroa St. # 610, Los Angeles, CA 90012
     (full address of first defendant)
     President, Board of Police Commissioners
     (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual ☒ official capacity.

Explain how this defendant was acting under color of law:
Failure to Train, supervise and control subordinates · Constitutional violation(s) directly resulted from policy, custom and practice of LAPD · Final policy maker

4. Defendant <u>Carmen A. Trutanich (SBN 86629)</u> resides or works at
   (full name of first defendant)

   <u>201 N. Los Angeles St. Space 301, Los Angeles, CA 90012</u>
   (full address of first defendant)

   <u>City Attorney</u>
   (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual ☒ official capacity.

Explain how this defendant was acting under color of law:
<u>Failed to train, supervise and control subordinates: Constitutional violation(s) directly resulted from</u>
<u>policy, custom and practice of City Attorney: Final Policy Maker</u>

5. Defendant <u>County of Los Angeles</u> resides or works at
   (full name of first defendant)

   <u>500 w. Temple St. Rm #383, Los Angeles, CA 90012</u>
   (full address of first defendant)

   <u>Board of Supervisors</u>
   (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual ☒ official capacity.

Explain how this defendant was acting under color of law:
<u>Failed to train, supervise and control subordinates: Constitutional violation(s) directly</u>
<u>resulted from policy, custom or practice of LASD: Final Policy Maker</u>

6. Defendant <u>Charles Beck</u> resides or works at
100 N. Los Angeles St, Los Angeles, CA 90012
Chief of Police, Los Angeles Police Department (LAPD)
The defendant is sued in his ☐ individual ☒ official capacity
Explain how this defendant was acting under color of law:
<u>Failed to train, supervise and control subordinates: Constitutional violation(s) directly</u>
<u>resulted from policy, custom or practice of LAPD: Final Policy Maker</u>

7. Defendant William J. Bratton resides or works at
100 N. Los Angeles St. Los Angeles, CA 90012
Chief of Police, LAPD
The defendant is sued in his ☐ individual ☒ official capacity
Explain how this defendant was acting under color of law:
<u>Failed to train, supervise and control subordinates: Constitutional violation(s) directly</u>
<u>resulted from policy, custom or practice of LAPD: Final Policy Maker</u>

8. DEFENDANT STEVE Cooley                    RESIDES OR WORKS at

780 Hall of Records, 320 w. Temple St. Los Angeles, CA 90012

Los Angeles County District Attorney, Bureau of Specialized Prosecutions Crimes Against
Peace Officers Section

The defendant is sued in his ☐ individual    ☒ official capacity

Explain how this defendant was acting under color of law:

   Failed to Train, Supervise and control subordinates; Constitutional violation(s) directly
   Resulted from policy, custom or practice of District Attorney's Office; Final Policy Maker


9. DEFENDANT John K. Spillane                RESIDES OR WORKS at

780 Hall of Records, 320 w. Temple St, Los Angeles, CA 90012

Chief Deputy District Attorney, Bureau of Specialized Prosecutions Crimes Against Peace
Officers Section

The defendant is sued in his ☐ individual    ☒ official capacity

Explain how this defendant was acting under color of law:

   Failure to Train, Supervise and control subordinates; Constitutional violation(s) directly
   Resulted from policy, custom or practice of District Attorney's Office; Final Policy Maker


10. DEFENDANT Curtis A. Hazell               RESIDES OR WORKS at

780 Hall of Records, 320 w. Temple St, Los Angeles, CA 90012

Assistant District Attorney, Bureau of Specialized Prosecutions, Crimes Against Peace Officers Section

The defendant is sued in his ☐ individual    ☒ official capacity

Explain how this defendant was acting under color of law:

   Failure to Train, Supervise and control subordinates; Constitutional violation(s) directly
   Resulted from policy, custom or practice of District Attorney's Office; Final Policy Maker


11. DEFENDANT Richard Doyle                  RESIDES OR WORKS at

780 Hall of Records, 320 w. Temple St, Los Angeles, CA 90012

Director, Bureau of Specialized Prosecutions, Crimes Against Peace Officers Section

The defendant is sued in his ☐ individual   ☒ official capacity
Explain how this defendant was acting under color of law:
Failed to Train, supervise and control subordinates; Constitutional violation(s) directly
resulted from policy, custom or practice of District Attorney's Office; Final Policy Maker

12. DEFENDANT Frank M. Tavelman                    resides or works at
780 Hall of Records, 320 w. Temple St., Los Angeles, CA 90012
Deputy District Attorney, Crimes Against Peace Officers Section
The defendant is sued in his ☒ individual      ☒ official capacity
Explain how this defendant was acting under color of law:
Initiated de facto discriminatory race-base prosecution; Participated in investigation
of charged offenses; Conspired with SIS to Cover Up OIS; Final Policy Maker

13. DEFENDANT Susan Schwartz                       resides or works at
780 Hall of Records, 320 w. Temple St., Los Angeles, CA 90012
Deputy District Attorney, Crimes Against Peace Officers Section
The defendant is sued in her ☒ individual      ☒ official capacity
Explain how this defendant was acting under color of law:
Initiated de facto discriminatory race-based prosecution; Participated in investigation
of charged offense; Conspired with SIS to Cover Up OIS; Final Policy Maker

14. DEFENDANT                                      resides or works at
780 Hall of Records, 320 w. Temple St., Los Angeles, CA 90012
Deputy District Attorney, Crimes Against Peace Officers Section
The defendant is sued in his ☒ individual      ☒ official capacity
Explain how this defendant was acting under color of law:
Initiated de facto discriminatory race-based prosecution; Participated in investigation
of charged offenses; Conspired with SIS to Cover Up OIS; Final Policy Maker

15. Defendant Leroy D. Baca     Resides or works at

4700 Romona Blvd, Monterey Park, CA 91754-2169

Sheriff, Los Angeles Sheriff's Department (LASD)

The defendant is sued in his ☐ individual     ☒ official capacity

Explain how this defendant was acting under color of law:

Failed to train, supervise and control subordinates; Constitutional violation(s) directly

resulted from policy, custom or practice of LASD; Final Policy Maker

16. Defendant Tracey Benjamin Badge No. 26940     Resides or works at

100 N. Los Angeles St., Los Angeles, CA 90012

Robbery Homicide Division (RHD) Robbery Special Section (RSS) LAPD Detective (DET.) III

Explain how this defendant was acting under color of law:

Initiated Race-based Criminal Investigation; Conspiracy

This defendant is sued in her ☒ individual     ☐ official capacity

17. Defendant Jayson Dela Cova Badge No.     Resides or works at

100 N. Los Angeles St., Los Angeles, CA 90012

RHD / RSS LAPD DET. II

Explain how this defendant was acting under color of law:

Initiated Race-based Criminal Investigation; Conspiracy

This defendant is sued in his ☒ individual     ☐ official capacity

18. Defendant V. Conrado Badge No. 26755     Resides or works at

100 N. Los Angeles St., Los Angeles, CA 90012

RHD LAPD DET. II

Explain how this defendant was acting under color of law:

Initiated Race-based Criminal Investigation; Conspiracy

This defendant is sued in her ☒ individual     ☐ official capacity

19. DEFENDANT Adam Bircovici Badge no. 23826          RESIDES OR WORKS at
100 N. Los Angeles St., Los Angeles, CA 90012
Officer in Charge (OIC) Special Investigations Section (SIS) LAPD LIEUTENANT (Lt.) II
This DEFENDANT is sued in his ☒ individual          ☒ official capacity
Explain how this DEFENDANT was acting under color of law:
Failure To Train, supervise and control subordinates; Initiated race-based criminal
investigation; Conspired to cover-up officer involved shooting (OIS); Failed to intercede;
Final Policy Maker

20. DEFENDANT Anthony Avila Badge no. 23822          RESIDES OR WORKS at
100 N. Los Angeles St., Los Angeles, CA 90012
Case Manager SIS LAPD DET. III
This DEFENDANT is sued in his ☒ individual          ☒ official capacity
Explain how this DEFENDANT was acting under color of law:
Failed to Train, supervise and control subordinates; Initiated race-based criminal
investigation; Conspired to cover-up OIS; Failed to intercede; Final Policy Maker


21. DEFENDANT Joe Callian Badge no. 22411          RESIDES OR WORKS at
100 N. Los Angeles St., Los Angeles, CA 90012
SIS LAPD DET. III
This DEFENDANT is sued in his ☒ individual          ☒ official capacity
Explain how this DEFENDANT was acting under color of law:
Failed to Train, supervise and control subordinates; Initiated race-based criminal
investigation; Conspired to cover-up OIS; Participated in Excessive use of force; Failed to intercede
Final Policy Maker

22. DEFENDANT Charles Bennett Badge no. 22026          RESIDES OR WORKS at
100 N. Los Angeles St., Los Angeles, CA 90012
SIS LAPD DET. III
This DEFENDANT is sued in his ☒ individual          ☒ official capacity
Explain how this DEFENDANT was acting under color of law:

Failed to train, supervise and control subordinates; Conspired to cover-up OIS; Failed to intercede; Participated in Excessive use of Force; Final Policy Maker

23. DEFENdant Jeffrey Nolte  Badge no. 26403      RESidES or works at
100 N. Los Angeles St., Los Angeles, CA  90012
SIS LAPD DET. II
This defendant is sued in his ☒ individual      ☐ official capacity
Explain how this defendant was acting under color of law:
Excessive use of Force; Conspiracy to cover-up OIS; Failed to intercede; Falsified Evidence

24. DEFENdant Gustavo Ramirez  Badge no. 31075      RESidES or works at
100 N. Los Angeles St., Los Angeles, CA 90012
SIS LAPD DET. II
This defendant is sued in his ☒ individual      ☐ official capacity
Explain how this defendant was acting under color of law:
Excessive use of Force; Conspiracy to cover-up OIS; Failed to intercede; Falsified Evidence

25. DEFENdant David Friedrich  Badge no. 30996      RESidES or works at
100 N. Los Angeles St., Los Angeles, CA 90012
SIS LAPD DET. II
This defendant is sued in his ☒ individual      ☐ official capacity
Explain how this defendant was acting under color of law:
Conspired to initiate Race-based criminal investigation; Conspired to cover-up OIS;
Failed to intercede

26. DEFENdant Diana Herron  Badge no. 32845      RESidES or works at
100 N. Los Angeles St., Los Angeles, CA  90012
SIS LAPD DET. II
This defendant is sued in her ☒ individual      ☐ official capacity

Explain how defendant was acting under color of law:
Excessive use of force; Conspiracy to cover-up this; Failed to intercede

27. Defendant Randy Rico Badge no. 23573        Resides or works at
100 N. Los Angeles St., Los Angeles, CA  90012
SIS LAPD DET. II
This defendant is sued in his ☒ individual        ☐ official capacity
Explain how this defendant was acting under color of law:
Participated in excessive use of force; Conspired to cover-up excessive use of force;
Failed to intercede

28. Defendant Richard Guzman Badge no. 30393        Resides or works at
100 N. Los Angeles St., Los Angeles, CA  90012
SIS LAPD DET. II
This defendant is sued in his ☒ individual        ☐ official capacity
Explain how this defendant was acting under color of law:
Participated in excessive use of force; Conspired to cover-up excessive use of force;
Failed to intercede

29. Defendant Dean Gizzi Badge no. 27123        Resides or works at
100 N. Los Angeles St., Los Angeles, CA  90012
SIS LAPD DET. II
This defendant is sued in his ☒ individual        ☐ official capacity
Explain how this defendant was acting under color of law:
Participated in excessive use of force; Conspired to cover-up excessive use of force;
Failed to intercede

30. Defendant Robert Binder Badge no. 30080        Resides or works at
100 N. Los Angeles St., Los Angeles, CA  90012

SIS LAPD DET. II

This defendant is sued in his ☒ individual    ☐ official capacity

Explain how this defendant was acting under color of law:

Participated in Excessive use of Force; Conspiracy to cover-up Excessive use of Force; Failed to intercede

31. Defendant Richard Plows Badge no. 26591        Resides or works at

100 N. Los Angeles St., Los Angeles, CA 90012

SIS LAPD DET. II

This defendant is sued in his ☒ individual    ☐ official capacity

Explain how this defendant was acting under color of law:

Participated in Excessive use of Force; Conspiracy to cover-up Excessive use of Force; Failed to intercede

31. Defendant Robert Kraus Badge no. 22469        Resides or works at

100 N. Los Angeles St., Los Angeles, CA 90012

SIS LAPD DET. II

This defendant is sued in his ☒ individual    ☐ official capacity

Explain how this defendant was acting under color of law:

Conspired to cover-up OIS

32. Defendant Donald Walthers Badge no. 27463       Resides or works at

100 N. Los Angeles St., Los Angeles, CA 90012

SIS LAPD DET. II

This defendant is sued in his ☒ individual    ☐ official capacity

Explain how this defendant was acting under color of law:

Conspired to cover-up OIS

33. Defendant Richard Ulrey Badge no. 31616                        Resides or works at

100 N. Los Angeles St., Los Angeles, CA  90012

Field Investigations Division (FID) LAPD Det. III

This defendant is sued in his ☒ individual         ☐ official capacity

Explain how this defendant was acting under color of law:

   Conspired to cover-up OIS : Initiated conspiracy to falsify evidence


34. Defendant Stuart Lomax Badge no. 32674                        Resides or works at

100 N. Los Angeles St., Los Angeles, CA  90012

Tactical Flight Officer (TFO) LAPD Special Flights

This defendant is sued in his ☒ individual         ☐ official capacity

Explain how this defendant was acting under color of law:

   Conspiracy to cover-up OIS


35. Defendant John Izzo Badge no.                        Resides or works at

100 N. Los Angeles St., Los Angeles, CA 90012

TFO LAPD Special Flights

This defendant is sued in his ☒ individual         ☐ official capacity

Explain how this defendant was acting under color of law:

   Conspiracy to cover-up OIS


36. Defendant Larry Chamberlain Badge no. 22350                        Resides or works at

100 N. Los Angeles St., Los Angeles, CA  90012

TFO LAPD Special Flights

This defendant is sued in his ☒ individual         ☐ official capacity

Explain how this defendant was acting under color of law:

   Conspiracy to cover-up OIS

37. Defendant Daniel Cruz                    Resides or works at
4700 Ramona Blvd, Monterey Park, CA 91754-2169
Captain (Capt.) LASD Men's Central Jail (MCJ) Watch Commander
This defendant is sued in his ☐ individual    ☒ official capacity
Explain how this defendant was acting under color of law:
Failed to Train, supervise and control subordinates; Constitutional violation(s) directly resulted
from policy, custom and practice of LASD; Final Policy Maker

38. Defendant Alexander Yim                   Resides or works at
4700 Ramona Blvd, Monterey Park, CA 91754-2169
Chief LASD MCJ
This defendant is sued in his ☐ individual    ☒ official capacity
Explain how this defendant was acting under color of law:
Failed to Train, supervise and control subordinates; Constitutional violation(s) directly resulted
from policy, custom and practice of LASD; Final Policy Maker

39. Defendant Larry A. Walsh                  Resides or works at
4700 Ramona Blvd, Monterey Park, CA 91754-2169
Under Sheriff LASD
This defendant is sued in his ☐ individual    ☒ official capacity
Explain how this defendant was acting under color of law:
Failed to Train, supervise and control subordinates; Constitutional violation(s) directly resulted
from policy, custom and practice of LASD; Final Policy Maker

40. Defendant Daniel L. Fender                Resides or works at
4700 Ramona Blvd, Monterey Park, CA 91754-2169
Commander LASD
This defendant is sued in his ☐ individual    ☒ official capacity
Explain how this defendant was acting under color of law:

Failed to Train, supervise and control subordinates; Constitutional violation(s) directly resulted From policy, custom and practice of LASD; Final Policy Maker

41. Defendant Paul K. Tanaka                              Resides or works at

4700 Ramona Blvd, Monterey Park, CA 91754-2169

Assistant Sheriff LASD

This defendant is sued in his ☐ individual      ☒ official capacity

Explain how this defendant was acting under color of law:

Failed to train, supervise and control subordinates; Constitutional violation(s) directly resulted From policy, custom and practice of LASD; Final Policy Maker

42. Defendant Marvin D. Cavanaugh                        Resides or works at

4700 Ramona Blvd, Monterey Park, CA 91754-2169

Assistant Sheriff LASD

This defendant is sued in his ☐ individual      ☒ official capacity

Explain how this defendant was acting under color of law:

Failed to Train, supervise and control subordinates; Constitutional violation(s) directly resulted From policy, custom and practice of LASD; Final Policy Maker

43. Defendant                                            Resides or works at

441 Bauchet St., Los Angeles, CA 90012

Legal Lieutenant LASD MCJ

This defendant is sued in his ☐ individual      ☒ official capacity

Explain how this defendant was acting under color of law:

Failed to Train, supervise and control subordinates; Constitutional violation(s) directly resulted From policy, custom and practice of LASD

44. Defendant   Lavey                                    Resides or works at

441 Bauchet St., Los Angeles, CA 90012

(14 of 45)

Legal Sergeant (Sgt) LASD MCJ

This defendant is sued in his ☒ individual          ☒ official capacity

Explain how this defendant was acting under color of law:

Failure to train, supervise and control subordinates; Retaliation against inmate for filing inmate grievances; Retaliation against inmate for exercising First Amendment Rights; Obstructing inmate access to court; Failure to intercede; Constitutional violation(s) directly resulted from policy, custom and practice of LASD; Final Policy Maker

45. Defendant   Gilbert                          Resides or works at

441 Bauchet St., Los Angeles, CA 90012

Senior (Sr.) Jail Liaison LASD MCJ

This defendant is sued in his ☒ individual          ☒ official capacity

Explain how this defendant was acting under color of law:

Failure to train, supervise and control subordinates; Retaliation against inmate for exercising First Amendment Rights; Obstructing inmate access to court; Constitutional violations directly resulted from policy, custom and practice of LASD; Final Policy Maker

46. Defendant D. Hinton                          Resides or works at

441 Bauchet St., Los Angeles, CA 90012

Correctional Assistant (CA) LASD MCJ Legal Staff

This defendant is sued in his ☒ individual          ☐ official capacity

Explain how this defendant was acting under color of law:

Retaliation against inmate for filing inmate grievances; Retaliation against inmate for exercising First Amendment Rights; Obstructing inmate access to court; Constitutional violation(s) directly resulted from policy, custom and practice of LASD

47. Defendant Allen                              Resides or works at

441 Bauchet St., Los Angeles, CA 90012

CA LASD MCJ Legal Staff

This defendant is sued in her ☒ individual          ☐ official capacity
Explain how this defendant was acting under color of law:
Censorship of authorized legal documents; violation of "Work product" and "attorney-client" privileges

48. Defendant(s) John / Jane Doe(s) no. 1-5          Resides or works at
441 Bauchet St. Los Angeles, CA 90012.
LASD MCJ Mailroom Personnel in Charge of Censorship
This defendant is sued in his / her ☒ individual          ☐ official capacity
Explain how this defendant was acting under color of law:
Censorship and destruction / disposal of authorized mail

49. Defendant William T. Fujioka          Resides or works at
500 W. Temple St. Room 383, Los Angeles, CA 90012
Chief Executive Officer, Board of Supervisor
This defendant is sued in his ☒ individual          ☒ official capacity
Explain how this defendant was acting under color of law: Failed to train, supervise and
control subordinates; Constitutional violation(s) directly resulted from policy, custom
and practice of LASD; Final Policy Maker
          The Following Civil Rights Have Been Violated
                    Cause of Action

1. First Cause of Action:
Criminal Liability, 18 USC § 242: Fourteenth Amendment Due Process Clause United
States Constitution, United States v. Lanier (1997) 520 US 259; Screws v. United
States (1945) 325 US 91

2. Second Cause of Action:
Civil Conspiracy, 42 USC §§ 1983, 1985 (3); Criminal Conspiracy, Penal Code (PC) § 182 (2).

3. Third Cause of Action:

Race-Based Investigation and Prosecution ; Racial Profiling ; Fourteenth Amendment of the United States Constitution ; Article 1 , Section 7 California Constitution.

4. Fourth Cause of Action:

Excessive Use of Force : Fourth, Eighth, Fourteenth Amendments of the United States Constitution ; Art. 1 , Sec 7 California Constitution ; Graham v. Connor (1989) 490 US 386 ; Tennessee v. Garner (1985) 471 US1 ; Guerrero v. Gates (9th Cir. 2006) 442 F3d 697 ; Gomez v. Gates (CD Cal. 1992) 804 F. Supp 64 ;

5. Fifth Cause of Action:

Deliberately Creating Dangerous Situation : Smithart v. Towerly (9th Cir. 2006) 79 F3d 951 ; Cunningham v. Gates (9th Cir 2002) 312 F3d 1148 ; Billington v. Smith (9th Cir 2002) 292 F3d 1177 ; Alexander v. City of San Francisco (9th Cir. 1994) 29 F3d 1355 ; 42 USC § 1981a, Dang v. Cross (9th Cir. 2005) 422 F3d 800

6. Sixth Cause of Action:

Failure to Intercede / Prevent : United States v. Koon (9th Cir. 1994) 34 F3d 1416, 1417 n.25 ; Cerrato v. San Francisco Community Coll. Dist. (9th Cir. 1994) 26 F3d 968 , 971 n.7

7. Seventh Cause of Action:

Failure to Train, Supervise and Control Subordinates : Winter v. NRDC, inc. (2008) 555 US 7, 24 ; Starr v. Baca (9th Cir. 2011) 652 F3d 1202 ; Collins v. Jordan (9th Cir. 1997) 110 F3d 1363 ; Larez v. City of Los Angeles (9th Cir. 1991) 946 F2d 630

8. Eighth Cause of Action:

Established Policy, Custom or Practice Caused Constitutional Violations: City of Canton v. Harris (1989) 489 US 378, 385 ; Monell v. Dept of Soc. Servs. (1978) 436 US 658 ; Villegas v. Gilroy Garlic Festival Assoc. (9th Cir. 2008) 541 F3d 950 , 957.

9. Ninth Cause of Action:

Retaliation For Filing Inmate Grievances, Retaliation For Exercise of First Amendment Right, Retaliatory Transfer: First Amendment of United States Constitution; Mt. Healthy City School Dist. Bd of Ed v. Doyle (1977) 429 US 274, 287; Rhodes v. Robinson (9th Cir. 2005) 408 F3d 559, 568; Hines v. Gomez (ND Cal. 1994) 853 F. Supp 329.

10. Tenth Cause of Action:

Indemnifying LAPD Against Punitive Damages in U1S: Trevino v. Gates (9th Cir. 1996) 99 F3d 911

11. Eleventh Cause of Action:

Interference with Faretta Rights, Violation of "Work Product" and "Attorney-Client" Privilege, Obstruction of Court Access: Sixth and Fourteenth Amendments of the United States Constitution; Art. 1 §§ 15, 16 California Constitution; Faretta v. California (1975) 422 US 806; Lewis v. Casey (1986) 518 US 343; Bounds v. Smith (1977) 430 US 817; Wolff v. McDonnell (1974) 418 US 538; Johnson v. Avery (1969) 393 US 483; Clement v. Cal. Dep't of Corr. (9th Cir. 2004) 364 F3d 1148; Witherow v. Paff (9th Cir. 1995) 52 F3d 264

12. Twelfth Cause of Action:

Censorship of Authorized Mail: First Amendment of United States Constitution; Procunier v. Martinez (1974) 416 US 396, 413-16; Prison Legal News v. Lehman (9th Cir. 2005) 397 F3d 692; Clement v. Cal. Dept of Corr. (9th Cir. 2004) 364 F3d 1148, 1152.

13. Thirteenth Cause of Action:

Denial of Rights to Pre-Trial Detainees; Fifth and Fourteenth Amendments of the United States Constitution; Art. 1, §§ 7(a), 17, California Constitution; Bell v. Wolfish (1979) 441 US 520; Block v. Rutherford (1984) 468 US 576

14. Fourteenth Cause of Action:

Denial of Due Process at Wilson Administration Hearing: Fifth and Fourteenth Amendment of the United States Constitution; Wolff v. McDonnell (1974) 418 US 538 ; Wilkinson v. Austin (2005) 545 US 209, 220 ; Biggs v. Terhune (9th Cir. 2003) 334 F3d 910, 913 ; Serrano v. Francis (9th 2003) 345 F3d 1071, 1079; Smith v. Sumner (9th Cir. 1993) 994 F2d 1401, 1406 ; People v. Carson (2005) 35 Cal 4th 1, 23 ; Wilson v. Superior Court (1978) 21 Cal 3d 816, 821 ; Superior Court Pro Per Rule 6.41

15. Fifteenth Cause of Action:

Municipal Liability : Monell v. Dep't of Soc. Serv. (1978) 436 US 698, 690 ; Pembaur v. City of Cincinnati (1986) 475 US 469, 481 ; Board of County Comm'rs v. Brown (1997) 520 US 397, 404 .

## Brief Synopsis of Claims

### Claim I

LAPD RHD Detectives initiated a race-based criminal investigation of several night time robberies of commercial businesses, where the identity or race of the suspects had yet to be determined. Months after the commission of the initial robbery, plaintiffs became the prime suspects in the RHD criminal investigation, and as such were placed under extensive surveillance by the SIS once the DA's office declined to prosecute due to insufficient evidence.

Months later, after leaving the scene of an alleged crime, plaintiffs' vehicle was stopped at a traffic light behind what would later be identified as an undercover police vehicle, occupied by a LAPD undercover detective assigned to the SIS. As part of an established policy, custom or practice of the LAPD, this SIS detective initiated what is called by the LAPD a "Vehicle Containment Technique", by backing into plaintiffs'

vehicle with sufficient force to jar its occupants when, simultaneously and without provocation or first identifying themselves as police officers, SIS detectives stationed at the rear of plaintiffs' vehicle, opened fire on the occupants of the vehicle striking plaintiff Floyd Nelson several times in the left wrist and forearm while his hands were raised.

Upon being ordered by SIS detectives to exit their vehicle and lay prone on their stomachs, plaintiff Alonzo Harris was handcuffed behind his back at which time, without cause or provocation, he was kicked in the face by a SIS detective.

Immediately after the SIS plaintiffs watched and listened to several of the defendants conspire to falsify evidence in order to make the shooting justified.


## Claim II

During the course of the prosecution for the events of 7/11/2008 plaintiffs each exercised their Faretta right to proceed in propria persona.

While proceeding in proper at the LASD MCJ several adverse events were done by LASD defendants that either interfered with and/or obstructed plaintiffs access to the courts. This interference and obstruction was sufficient to force plaintiff Alonzo Harris to relinquish his Pro Per status.

Plaintiff Floyd Nelson elected to challenge the interference and obstruction through filing inmate grievances and reporting LASD personnel misconduct to the courts, outside agencies and LASD internal investigators. As a result, LASD legal staff used a pro forma Wilson Administrative Hearing to terminate plaintiff Floyd Nelson's in-custody Pro Per privileges and placed him in security housing on the pretext of institutional security, in spite of his disciplinary free record for his entire LASD confinement (41 months). To further the retaliation, for several weeks LASD legal staff deliberately denied plaintiff Floyd Nelson access to legal supplies, proper phone calls and required him to relinquish personal possession of important legal documents relevant to both his civil and criminal defenses.

## D. CLAIMS*

CLAIM I

The following civil right has been violated:

1. Criminal Liability 18 USC § 242
2. Civil and Criminal Conspiracy
3. Race-Based Investigation and Prosecution
4. Racial Profiling — De Facto Discrimination
5. Excessive Use of Force
6. Deliberately Creating Dangerous Situation
7. Failure to Intercede / Prevent
8. Failure to Train, Supervise and Control Subordinates
9. Established Policy, Custom or Practice Caused Violation
10. Indemnifying LAPD Against Punitive Damages in OIS
11. Municipal Liability

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

1. On 11/13/2007 LAPD RHD Det(s) Tracey Benyamin # 26940, V. Conrado # 26755 and Jayson DelaCova # _____ initiated and participated in a de facto discriminatory race-based investigation against plaintiffs allegedly for a series of armed robberies being committed throughout the City and County of Los Angeles over the course of several months.

2. After an inability of Det(s) Tracey Benyamin, V. Conrado and Jayson DelaCova to collect any tangible evidence to charge plaintiffs with any criminal offense, they met with SIS Det(s) Adam Bircovieu # 23826, Anthony Avila # 23822 and David Friedrich # 30996 who agreed to take the investigative duties of the case with the objective being to create a dangerous situation in which an unprovoked OIS can occur and be deemed justified.

3. The LAPD, through its SIS unit, has instituted a de facto discriminatory race-based policy, custom and practice of selectively targeting Black and Hispanic suspects for disparate treatment based solely on their race, from that afforded white suspects similarly situated. This de facto discriminatory race-based policy, custom and practice of disparate treatment of Black and Hispanic suspects has been authorized and approved by LAPD Chief(s)

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.*

Statement of Facts for Each Cause of Action

Claim I (continued)

William J. Bratton, Charles Beck, Mayor Anthony Villaraigosa, John Mack President Board of Police Commissioners, City Attorney Carmen A. Trutanich, District Attorney Steve Cooley, the City of Los Angeles and each of their predecessors over the course of several decades.

4. On 7/11/2008, while stationary at a stop light in a Ford F-150 Truck, SIS Det(s) Adam Bircovici, Anthony Avila and Joe Cathari # 22411 authorized and instructed SIS Det(s) Charles Bennett # 22026, Jeffrey Nolte # 26403, Gustavo Ramirez # 31075, Diana Herron # 32845 and David Friedrich to initiate a VCT against plaintiffs' stationary vehicle.

5. The LAPD, through its SIS unit, has created and employes a vehicle stop technique called VCT, which consist of "trapping" the suspects' vehicle between several undercover police vehicles by hitting the suspects' vehicle with their own, at which time SIS detectives initiate an unprovoked OIS against the unsuspecting suspects who are more often than not Black or Hispanic. This racially applied VCT has been authorized and approved by defendants William J. Bratton, Charles Beck, Anthony Villaraigosa, John Mack, Carmen A. Trutanich, Steve Cooley, Adam Bircovici, Anthony Avila, Joe Cathari, the City of Los Angeles and each of their predecessors over the course of several decades.

6. Immediately after employing the VCT defendants Jeffrey Nolte, Gustavo Ramirez and Diana Herron initiated an unprovoked and unjustified OIS against plaintiff's Floyd Nelson and Alonzo Harris without first identifying themselves as the police. From the jar of the vehicle caused by the VCT plaintiff Floyd Nelson's hands were raised in the air above his head at which time he was shot several times in the left forearm and wrist by defendants Gustavo Ramirez and Jeffrey Nolte from behind. Defendant Diana Herron discharged her firearm into plaintiffs' stationary vehicle without striking either plaintiff. Plaintiff Floyd Nelson was unarmed at the time of the unprovoked OIS, nor at any time did either plaintiffs point anything, let alone any weapons, at any SIS detective. Defendant Charles Bennett initiated the VCT by backing

(22 of 45)

Statement of Facts for Each Cause of Action

Claim I (continued)

his undercover police vehicle into plaintiffs' stationary vehicle with sufficient force to jar the occupants enough to signal defendants Jeffrey Nolte and Gustavo Ramirez that the OIS was to begin. At no time did any of the on-scene SIS defendants attempt to intercede or prevent their co-defendants from committing the constitutional violations they knew were about to occur.

7. Defendants William J. Bratton, Charles Beck, Anthony Villariagosa, John Mack, Carmen A. Trutanich, Steve Cooley, Adam Bircovici, Anthony Avila, Joe Callian, Charles Bennett, the City of Los Angeles and each of their predecessors over the course of several decades have failed to train, supervise and control their subordinates, and failed to institute sufficient policies and safeguards to insure the proper, legal and non-discriminatory use of the VCT which was the moving force which initiated the unprovoked and unjustified OIS against plaintiffs.

8. The LAPD, through its SIS unit, has created and employed a means by which to create a dangerous situation for an unprovoked and unjustified OIS to occur that can be deemed justified at the conclusion of the shooting investigation. This unique style and use of the VCT to provoke a OIS has been authorized and approved by defendants William J. Bratton, Charles Beck, Anthony Villariagosa, John Mack, Carmen A. Trutanich, Steve Cooley, Adam Bircovici, Anthony Avila, Joe Callian, Charles Bennett, the City of Los Angeles and each of their predecessors over the course of several decades for use against primarily Black and Hispanic suspects. Defendants have failed to train, supervise and control their subordinates and failed to institute sufficient policies and safeguards to insure the proper, legal and non-discriminatory use of force against plaintiff which was the moving force of the constitutional deprivation.

9. At the conclusion of the OIS and during the time plaintiff Alonzo Harris was order to exit the Ford F-150 Truck, lay prone on the ground with his hands inter-locked behind his back. Once handcuffed with his hands behind his back, without provocation or any form of resistance, plaintiff Alonzo Harris was kicked in the mouth with sufficient force to draw

Statement of Facts for Each Cause of Action

Claim I (continued)

blood by either SIS Det(s) Joe Callian, Randy Rico *23573, Richard Guzman *30393, Dean Gizzi *27123, Robert Binder *30080 and Richard Plows *26591 each of who were the only SIS personnel in the immediate vicinity of plaintiff Alonzo Harris when he was kicked. Plaintiff Alonzo Harris never resisted arrest nor gave any of these defendants cause or any justifiable reason to kick him in the face. At no time did any of the on-scene SIS defendants attempt to interfere or prevent plaintiff Alonzo Harris from being kicked in the face while handcuffed and prone on the ground nor did any one of them report this excessive use of force.

10. The LASD, through its SIS unit, has created and employed a means by which to create a dangerous situation for an unproved instance of excessive use of force (assault-battery) to occur unnoticed that can be deemed justifiable at the conclusion of the arrest. This type of excessive use of force employed against plaintiff Alonzo Harris has been authorized and approved by defendants William J. Bratton, Charlie Beck, Anthony Villariagosa, John Mack, Carmen A. Trutanich, Steve Cooley, Adam Bircovici, Anthony Avila, Joe Callian, Charles Bennett, the City of Los Angeles and each of their predecessors over the course of several decades for use against primarily Black and Hispanic suspects. Defendants have failed to train, supervise and control their subordinates and failed to institute sufficient policies and safeguards to insure the proper, legal and non-discriminatory use of force against plaintiff which was the moving force of the constitutional deprivation.

11. Since the City Counsel and City Attorney's office has elected to institute a policy, custom and practice of indemnifying SIS detectives from punitive damages resulting from OIS, they effectively ratified and promoted SIS defendants to use excessive force against plaintiffs.

12. Once it was determined that neither plaintiffs were armed during the OIS, defendants Adam Bircovici, Anthony Avila, Joe Callian, Charles Bennett, Jeffrey Notte, Gustavo Ramirez, David Friedrich, Diana Herron, Robert Kraus *22469, Donald Walthers *27463, Stuart Lomax *32674, Larry Chamberlain *22350, DDA Frank M. Tavelman, #

(24 of 45)

Statement of Facts For Each Cause of Action

Claim I (continued)

Susan Schwartz #26011D, and                    *                    began to conspire how to make
the OIS justified and came up with and agreed upon the false and pretextual claim that both
plaintiffs pointed guns at SIS detectives which initiated the OIS.

13. Upon arriving on the scene FID Det. III. Richard Ulley #31616 was overheard by plaintiff Alonzo
Harris telling defendants Jeffrey Nolte and Gustavo Ramirez to just say they saw guns in each
plaintiffs' hands at which time he will be able to clear them in the OIS.

14. The LASD, through its SIS unit, has instituted a policy, custom and practice of
fabricating evidence against Black and Hispanic criminal suspects in order to
justify OIS that are committed without provocation or justification. This policy,
custom and practice of justifying unprovoked OIS initiated by SIS has been
authorized and approved by defendants William J. Bratton, Charles Beck,
Anthony Villariagosa, John Mack, Carmen A. Trutanich, Steve Cooley, Adam Bircovici,
Anthony Avila, Joe Calliian, Charles Bennett, the City of Los Angeles and each of
their predecessors over the course of several decades, each of who are final
decision makers of this policy, custom and practice. Defendants have failed to
train, supervise and control their subordinates and failed to institute sufficient
policies and safeguards to insure the proper, legal and non-discriminatory use
of force and prosecution against plaintiffs which was the moving force of the
constitutional deprivation.

15. The DA, through its Bureau of Specialized Prosecutions – Crimes Against Peace Officers
Section, has instituted a policy, custom and practice of conspiring with SIS detectives
to prosecute Black and Hispanic criminal suspects involved in OIS in order to protect
LAPD criminal activity. This policy, custom and practice of prosecuting Black and
Hispanic criminal suspects involved in OIS based on knowingly false evidence provided
by SIS has been authorized and approved by defendants Steve Cooley, John K.
Spillane, Curtis A. Hazell, Richard Doyle, Frank M. Tavelman, Susan Schwartz,
    , William J. Bratton, Charles Beck, Anthony Villiriagosa, John Mack,

(25 of 45 )