Collins Collins
Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax    (626) 243-1111

1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD HILLS NELSON and ALONZO HARRIS, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, CHARLES BECK, LEROY D. BACA, STEVE COOLEY, WILLIAM J. BRATTON, FRANK M. TAVELMAN, SUSAN SCHWARTZ, JOHN DOE NO. 3, ALLEN, MACIAS, CARLOS VALEZ, TRACY BENJAMIN, JAYSON DELACOVA, V. CONRADO, JOHN/JANE DOE NO. 1, ADAM BIRCOVICI, ANTHONY AVILA, JOE CALLIAN, ROBERT KRAUS, GUSTAVO RAMIREZ, JEFFREY NOLTE, DEANA HERROD, DAVID FRIEDRICH, DONALD WALTHERS, ROBERT BINDER, STUART LOMAX, JOHN IZZO, CHARLES BENNETT, LARRY CHAMBERLAIN, RICHARD WILEY, WAYNE BLANDIN, HUGO BARZA, DANIAL CRUZ, LAVEY, | CASE NO. 2:11-CV-05407 PSG (JPR) <br> *[Assigned to Courtroom "6A" before the Honorable Philip S. Gutierrez presiding]* <br><br> **PROTECTIVE ORDER FOR CONFIDENTIAL INFORMATION OF LOS ANGELES SHERIFF'S DEPARTMENT STAFF AND INMATES AT MEN'S CENTRAL JAIL** <br><br> **Complaint Filed:**   06/29/11 <br><br> **Trial Date:**   None |

17944

1

**PROTECTIVE ORDER**

IBARRA, JOHN/JANE DOE NO. 2, )
JOHN/JANE DOE NO. 4, JOHN DOE )
NO. 5, )
             )
        Defendants.    )
             )

The Court, having read the proposed stipulated protective order between the parties, Plaintiff Floyd Nelson, Plaintiff Alonzo Harris aka Felton Bradford (hereinafter "Plaintiffs"), both in *pro per*, and Defendants County of Los Angeles, Leroy D. Baca, Daniel Cruz, Marvin Cavanaugh, Paul Tanaka, William Fujioka, David Fender, and D. Hinton (hereinafter "County Defendants"), by and through their counsel of record, Collins, Collins, Muir + Stewart, LLP, makes the following rulings thereon:

   1. The purpose of this Protective Order is to address certain discovery issues, including the protection of information to be produced by County Defendants, at Plaintiffs' request, which contains confidential, identifying information pertaining to other inmates at Men's Central Jail and/or to Staff Members of the Los Angeles Sheriff's Department.

   2. With regard to the protection of this confidential, identifying information, the parties agree as follows:

   a. Plaintiff does not require documentation pertaining to any incidents which may have occurred on other tiers aside from the 2500 Module, Baker Row.

   b. Regarding Plaintiffs' request for a log of inmate passes identifying inmates' movements, the parties agree that Plaintiffs shall receive a list containing the first initial and last name of relevant inmates and their cell numbers. Should any of the inmates' first initials and last names appear to be commonly used (pursuant to County Defendants' discretion) such that Plaintiff would be unable to distinguish the

Collins Collins
Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax   (626) 243-1111

*17944*

2

**PROTECTIVE ORDER**

individuals, County Defendants will provide further identifiers.

    i. Plaintiffs agree they do not require any booking numbers, inmate classifications, or current locations for any of the inmate information requested in any of their discovery requests.

c. Regarding Plaintiffs' request for documentation pertaining to cell searches that occurred on 2500 Baker Row, the parties agree to the following parameters:

    i. Production of all relevant and responsive documents for the time period of:

        1. One week prior to and one week following a July 28, 2011 cell search and

        2. One week prior to and one week following November 16, 2011, another cell search.

            a. With regard to the July 28, 2011 cell search, County Defendants are to provide:

                i. A list of names of inmates who appeared in court on this alleged incident involving inmate Brian Alexik over the period of one (1) week. Plaintiff's believe between four (4) and five (5) inmates appeared in court on this matter.

                ii. A list (first initial, last name) of inmates within a four cell radius of inmate Alexik's cell for the relevant time period.

///

///

///

d. Regarding Plaintiffs' requests for documentation containing identifying information of LASD Staff Members:

   i. County Defendants agree to provide a list containing the last name, first initial, job position and shift of each individual who is responsive to Plaintiffs' request.

e. With regard to Plaintiffs' request for all inmate complaints, the following parameters have been agreed to:

   i. The inmates shall be identified by last name, first initial only, unless the name is commonly used and cannot be distinguished from another inmate at which time further identifying information may be provided. LASD staff shall also be identified by last name, first initial.

   ii. The subject matter of the inmate complaints that Plaintiffs are to obtain are limited to:

      1. Any inmate complaints pertaining to alleged staff assaults
      2. Any inmate complaints pertaining to cell searches
      3. Any inmate complaints pertaining to inmates' pro per status

   iii. The date range for the Complaints Plaintiffs seek are: March 2011 through December 2011. Should Plaintiffs seek documents from 2012, they may make another request, but only after thorough review and consideration of any 2011 documents produced.

f. With regard to Plaintiffs request for inmate complaints pertaining to LASD legal staff and/or custody staff in the 2500 Module:

   i. The inmates shall be identified by last name, first initial only, unless the name is commonly used and cannot be distinguished

Collins Collins Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

from another inmate at which time further identifying information may be provided. LASD staff shall also be identified by last name, first initial.

    ii. The parties have agreed to narrow the scope of complaints to those that are responsive for the following dates only: 10/1/10; 12/7/10; 12/16/10; 1/22/11; 4/21/11; 10/22/11; 4/4/11-4/5/11' 4/24/11; 5/1/11; 5/5/11; 5/10/11; 6/26/11; 7/28/11; 9/16/11; 10/3/11; 10/10/11; 10/25/11; 10/28/11; 11/3/11; 11/16/11; 11/21/11.

  g. If County Defendants are able to, they will also provide Plaintiffs with an organizational chart identifying the basic structure of staff at Men's Central Jail.

  h. County Defendants also agreed to provide Plaintiffs with a copy of relevant portions of the Manual of Policies and Procedures for the LASD in order to satisfy a number of the challenged discovery requests.

3. The production of all these documents are pursuant to County Defendants' ability to locate any documents which are specifically responsive to Plaintiffs' requests for the relevant time frames.

4. County Defendants shall have four (4) months from the time of entering of this protective order to produce all relevant, responsive documents to Plaintiffs.

    5. Additionally, during their meet and confer efforts, the parties stipulated to the following:

  a. Should this Court allow Plaintiffs to effectuate service on yet unserved individuals Gilbert, Lavey and Allen, the parties agree that the discovery period should be re-opened and respectfully request this Court allow discovery to be reopened.

i. Should the discovery period be re-opened, the parties stipulate that the discovery process should begin sometime in early July, 2014, to allow Plaintiffs time to effectuate service on these individuals, and to allow these individuals to properly respond to the Complaint.

ii. The parties also agree that time frame for re-opening discovery is flexible and may need to be shifted, in order to allow Plaintiffs an appropriate amount of time to effectuate service.

6. Based on the foregoing, the parties seek the entry of a protective order under U.S.C. § 552a(b)(11), covering the production of any confidential, identifying information.

7. Nothing in this order or the stipulation underlying this order shall constitute a finding or admission that any action taken by any County Defendant, or its agencies or employees, in connection with production of any documents responsive to Plaintiffs' discovery requests is a disclosure under the Privacy Act, 5 U.S.C. § 552a.

8. Nothing in this order or the stipulation underlying this order shall constitute a finding or admission that County Defendants are required to produce any document or information to any person.

9. Nothing in this order or the stipulation underlying this order shall constitute a waiver of any privilege that County Defendants may possess with respect to any document, portion of document, or information.

10. All personal identifying information contained in the documents to be produced shall constitute "Confidential Information" pursuant to this order and shall be handled by Plaintiffs and County Defendants accordingly.

///
///

11. This Protective Order shall survive the final determination for this action and shall remain in full force and effect after conclusion of all proceedings herein, and the court shall have continuing jurisdiction to enforce its terms.

IT IS SO ORDERED.

DATED: March 28, 2014

_____
HON. JEAN ROSENBLUTH
UNITED STATES DISTRICT COURT