**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FLOYD HILLS NELSON, | ) Case No. CV 11-5407-PSG (JPR) |
|            Plaintiff, | ) |
| | ) ORDER ACCEPTING FINDINGS AND |
|        v. | ) RECOMMENDATIONS OF U.S. |
| | ) MAGISTRATE JUDGE |
| CITY OF LOS ANGELES et al., | ) |
| | ) |
|           Defendants. | ) |
| | ) |

The Court has reviewed de novo the Third Amended Complaint, the pleadings and records on file, and the Report and Recommendation of U.S. Magistrate Judge, which recommends that Plaintiff's request for judicial notice be granted in part and denied in part and that Defendants' motion for summary judgment be denied as to the excessive-force claims against Defendants Jeffrey Nolte and Gustavo Ramirez and granted with respect to his remaining claims. See 28 U.S.C. § 636. On May 14, 2018, Defendants filed objections to the R. & R. Plaintiff has not filed any objections, nor did he respond to Defendants' objections.

Defendants first contend that the Court should not take judicial notice of transcripts from Plaintiff's criminal trial

containing Nolte's and Ramirez's testimony or of civil-case rulings involving them. (Objs. at 2.) Specifically, they argue that their reply brief in support of their summary-judgment motion did challenge the accuracy of the court documents — contrary to the Magistrate Judge's representation (see R. & R. at 6) — which "contain[] facts that were 'subject to reasonable dispute.'" (Id. (quoting Fed. R. Evid. 201(b)).) But the reply brief claims only that the criminal-trial testimony "lacks any certification and/or authentication from a court reporter and may possibly be incomplete," and the civil-case rulings were "irrelevant (and prejudicial)." (See Reply at 2.) It does not contend that Nolte and Ramirez did not give the testimony in the transcripts or that the civil-case decisions Plaintiff submitted were inauthentic. In fact, it acknowledges that "there are absolutely no misstatements or contradictions with what is in the trial testimony to what is stated in [Nolte's and Ramirez's] declarations." (Id. at 4 n.2.)

The Court may take judicial notice of and consider "documents on file in federal or state courts." Harris v. Cnty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012) (citation omitted). Defendants nowhere assert that the court documents contain errors or fabrications or are anything other than what Plaintiff claims them to be. The Magistrate Judge specifically recommended that the documents be judicially noticed only to the extent they supported Plaintiff's claim that "there remain genuine issues of disputed material fact as to the circumstances of the shooting," and not for the truth of the matters asserted in them. (R. & R. at 7; see also Objs. at 2.) In any event,

because, as Defendants claim (see Reply at 4 n.2), the trial-testimony excerpts Plaintiff included in his request for judicial notice were consistent with Defendants' declarations, they did not affect the Magistrate Judge's analysis. Indeed, the R. & R. does not even cite the trial transcripts in its discussion of Defendants' motion. Disputed issues of material fact would remain based solely on Defendants' declarations. Accordingly, Defendants' first objection is without merit.

Defendants also object to the Magistrate Judge's analysis under Graham v. Connor, 490 U.S. 386, 396 (1989), of the factors supporting the excessive-force claims. They contend that they "never acknowledged or conceded that the shooting lasted up to 60 seconds" and in fact argued that Plaintiff's allegations in the TAC showed that "he conceded" it happened in a "matter of seconds." (Objs. at 2-3.) The relevant portions of the TAC allege that Plaintiff and former coplaintiff Alonzo Harris "rais[ed] their empty hands" "[a]pproximately 30-60 seconds" after the first volley of gunfire (TAC ¶¶ 33-34) and "[a]t no time prior to and/or during the approximate 30-60 second intervals" between the first and second volleys of gunfire did Defendants Herron or Friedrich attempt to intercede (id. ¶ 38). Defendants' summary-judgment motion quotes those paragraphs for the proposition that the shooting happened "in a matter of seconds." (Mot. Summ. J. at 11-12.) Further, they admit later in their objections that there were two distinct volleys of gunfire. (Objs. at 3.) Their protest that they did not intend to concede the 30- to 60-second time frame is thus not well taken.

3

Defendants next dispute the Magistrate Judge's conclusion that "[i]f indeed 30 to 60 seconds elapsed without Plaintiff or Harris attempting to resist arrest or flee," and if Plaintiff was shot "after raising his hands in surrender while Harris did nothing to defy or threaten the officers," no immediate threat justifying the use of deadly force may have existed. (See Objs. at 3; see also R. &. R. at 24.) They base their objection on "Plaintiff's overall lack of evidentiary support" for his account of his and Harris's actions. (See Objs. at 3.) Although neither the TAC nor Plaintiff's opposition was signed under penalty of perjury, the declaration he submitted with his opposition was. In it he contends that he was shot 30 to 60 seconds after the first round of gunfire, while his "hands were raised and empty in the traditional position of surrender," and that neither he nor Harris had done anything to threaten the officers. (Pl.'s Decl. ¶¶ 12-16, 19-20, 22-23 ("30-30 second time lapse").)

Defendants claim that Plaintiff's declaration is "conclusory and not based on his personal knowledge" in that it speculates on what Defendants were thinking and what they could have perceived at the time of the shooting. (See Objs. at 3; see also Reply at 5 n.3.) But Plaintiff's statements that he was shot while peacefully surrendering and that neither he nor Harris, whom he was sitting next to, had done anything to create a threat after the first volley of gunfire were necessarily based on his personal recollection of the incident and his observations of Harris. As the Magistrate Judge noted, Defendants' Reply did not address Plaintiff's claims as to what Harris was doing between volleys of gunfire or how or when he surrendered, either through

4

argument or with evidence (see R. &. R. at 23 n.10),[1] and they are inconsistent among themselves as to how many shots were fired, by whom, when, and why (see id. at 23). Nolte claims to have seen Harris turn and point his gun at Friedrich and Herron after the first round of gunfire, creating a second distinct threat (see Nolte Decl. ¶¶ 5-6; Objs. at 3), but none of the other Defendants perceived two distinct threats or saw Harris holding or reaching for a gun or otherwise doing anything threatening during the encounter (see Ramirez Decl. ¶ 5 (threat created by Plaintiff holding gun), Herron Decl. ¶ 4 (threat created when Plaintiff made movements "as if he were reaching for a gun"), Friedrich Decl. ¶ 4 ("did not perceive a threat of death or serious bodily injury")). Nor is the fact that Plaintiff's statements about his and Harris's conduct — made under penalty of perjury — were self-serving a basis for ignoring them. See Sec. & Exch. Comm'n v. Phan, 500 F.3d 895, 909-10 (9th Cir. 2007) (uncorroborated declarations of declarant's own personal actions and conversations on material issue not to be disregarded on summary judgment as "self-serving").

The Court's function at the summary-judgment stage is not to weigh the evidence or determine the truth of the matter but rather, after drawing all inferences in the light most favorable to the nonmoving party, to evaluate whether any genuine issue

----

[1] The portions of Plaintiff's deposition submitted by Defendants include sworn testimony that when the first shots were fired, he did not have a gun and Harris had his hands on the steering wheel and was not holding or pointing a gun at anyone. (See Pl.'s Dep. at 49:4-25 (Mot. Summ. J., Ex. 2 at 39:4-25).) The excerpted portions do not cover what happened after the first volley of gunfire.

remains to be tried.  See Tolan v. Cotton, 134 S. Ct. 1861, 1866 (2014) (per curiam) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)); Bonivert v. City of Clarkston, 883 F.3d 865, 880 (9th Cir. 2018) (at summary-judgment stage, court should not weigh "conflicting evidence with respect to disputed material facts" (citation and alteration omitted)).  If, as his Declaration contends, Plaintiff was shot 30 or more seconds after the first volley of gunfire while raising his empty hands in surrender, and if neither he nor Harris did anything that could be perceived as a threat in the interim, Nolte and Ramirez are not entitled to summary judgment on the excessive-force claims. See Galvan v. City of La Habra, No. SACV 12-2103 JGB (RNBx), 2014 WL 1370747, at *16-18 (C.D. Cal. Apr. 8, 2014) (citing cases) (denying summary judgment when plaintiff swore in deposition that he was shot by arresting officer after putting his empty hands up); cf. Vos v. City of Newport Beach, __ F.3d __, 2018 WL 2771049, at *5, *8 (9th Cir. June 11, 2018) (citing Kisela v. Hughes, 138 S. Ct. 1148, 1153-54 (2018) (per curiam)) (affirming summary judgment on qualified-immunity grounds for officers who shot "erratic individual" who made eight-second charge at them "with something in his upraised hand" after having "cut someone with scissors," "simulated having a firearm," and "asked officers to shoot him").[2]  Defendants' objections amount to a request that the Court decide disputed issues of material fact in their favor on summary judgment, something it cannot do.

---

[2]  Defendants' objections do not specifically address qualified immunity.

Having reviewed de novo those portions of the R. & R. to which Defendants objected, the Court accepts the findings and recommendations of the Magistrate Judge in it as well as the findings and conclusions in her discovery orders of August 15 and October 23, 2017.

IT THEREFORE IS ORDERED that Plaintiff's request for judicial notice is granted in part and denied in part and that Defendants' motion for summary judgment is granted as to Plaintiff's failure-to-intervene and municipal-liability claims and the excessive-force claim against Defendant Herron and denied as to the excessive-force claims against Defendants Nolte and Ramirez.

DATED: July 9, 2018

PHILIP S. GUTIERREZ
U.S. DISTRICT JUDGE